In the Matter of the Application of E. RAY VOORHEES, Petitioner, for the Removal of JOHN KOPLER, Respondent, as Justice of the Peace of the Town of Hume, Allegany County, New York.

Fourth Department, June 29, 1933.

*Guy B. Moore*, for the petitioner.

*George F. Bodine*, for the respondent.

PER CURIAM. This is a proceeding under article 6, section 17, of the Constitution and section 132 of the Code of Criminal Procedure, to remove respondent from his office as justice of the peace in and for the town of Hume, Allegany county. The record presented to us shows the following facts, largely derived from the testimony of respondent himself: Petitioner Voorhees had drawn and delivered to one Colburn a postdated check in payment for some syrup. The check was not paid on its due date, was not even presented at the bank where it was payable, and the transaction was in process of discussion and adjustment. Colburn went to respondent's place of business on April 27, 1932, and told respondent that Ray Voorhees had given him a bad check. Respondent answered that he could issue a warrant but would be willing to go up and see Voorhees and " see if we can fix it." Respondent admitted that he did not see the check or know the amount or date of it or whether it had been put in the bank or not. On the way to petitioner's residence, in

the evening of the same day, respondent put the check in his pocket without looking at it. Respondent then had a revolver on his person. A wordy altercation ensued at petitioner's home at the time of the visit of Colburn and respondent, during which, as respondent testified, " I pulled the gun and I am proud of it and I don't deny it." Colburn testified that as a result of what happened there on the evening in question, Colburn collected his money and that that was what he took respondent there with him for. He further stated that respondent had done other collection work for him and that he had paid respondent for it, no stated amounts, but whatever he thought was right. Respondent testified that he had made a number of efforts to collect bills for people and that it had been a business of his going out and seeing people, negotiating settlements and acting as a collector. He also conceded that on this particular occasion Colburn did not tell him the circumstances surrounding the non-payment of the check. Respondent also testified that there was no doubt about this course of business and that he knew he was a justice of the peace while carrying it on when he went down to collect this money with a revolver in his pocket. He further testified that it was part of his business as a justice of the peace to collect this bill and that rather than issue a warrant he had done that time and time again. He also said that in criminal cases he had gone out and tried to effect settlements in many instances.

Errors of judgment or mistakes made by a justice of the peace in applying legal principles in making decisions would not be sufficient cause for removal unless such errors indicated favoritism or persistent and apparently intentional disregard of well-known legal rules. We find no better definition of the " cause " for removal contemplated by the Constitution than the following from the opinion of the court in *Matter of Droege* (129 App. Div. 866, 882; appeal dismissed, 197 N. Y. 44): " Such conduct as satisfies the court that the magistrate has been actuated by unworthy or illegal motives in the exercise of his judicial duties; or has committed such acts as to justify the inference that either from ignorance or from a perverted character, or from a lack of judicial qualities, he has so administered the power conferred upon him as to show that he should not be continued in office. A single decision or judicial action, correct or not, which is established to have been based upon improper motives and not upon a desire to do justice, or to properly perform the duties of his office, will justify a removal, while many improper judicial determinations, or mistakes based merely upon errors of judgment, and without corrupt or improper motives, would not supply the ' cause ' contemplated by the Constitution and the statutes."

With this definition in mind, the recital of what occurred at petitioner's home on the evening in question and the testimony of respondent and Colburn as to respondent's motives and practices show this to be a case where cause for removal has been shown. A justice of the peace receives his emoluments solely in the form of specified fees (Justice Ct. Act, §§ 324, 325; Code Crim. Proc. §§ 740-a, 789-a) for items of judicial service. The list does not include collection of accounts for creditors. This record shows that not only on the occasion in question but as a matter of custom respondent acted as a collector of debts owing, that he was often paid for so doing, and that he utilized his position as justice of the peace on such occasions as an added stimulus to favorable reaction on the part of delinquent debtors. Respondent must have realized this to be extra-official, as it was. Then on the evening of April twenty-seventh respondent saw fit to take a firearm with him on his trip as bill collector and to draw it from his pocket in the course of the controversy which his visit brought about. This, too, was outside of the scope of respondent's judicial prerogatives.

The prayer of the petitioner should be granted and the respondent removed from his office as justice of the peace.

All concur.

Petition granted and respondent removed from his office as justice of the peace.